IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 119-014 |
| | * | |
| DAVID CANADA | * | |

O R D E R

Defendant David Canada seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. Upon due consideration, the Court denies Canada's request for relief.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Canada

emailed the Warden of FCI Coleman Low, asking that she file a motion for compassionate release with the district court. The Warden informed Canada that he must follow the administrative process in place to make such requests. He did not do so. Instead, just over two weeks after sending his email to the Warden, Canada filed the instant motion. By his own admission, Canada has not exhausted his administrative remedies prior to seeking relief in the district court. For this reason, the Court must deny Canada's request.

Moreover, in consideration of his bid for compassionate release, this Court may only reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical

2

condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possibly applicable category into which Canada may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief. Here, Canada points out that he has diabetes, hypertension, sleep apnea, edema, and morbid obesity; thus, COVID-19 poses a greater risk to him. See Center for Disease Control, *At Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on May 6, 2020). Defendant, however, bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which

he or she is not expected to recover," id., app. note 1(a)(ii). Canada presents no medical evidence that he meets either of these criteria. Indeed, his argument seems to be that he will likely meet the criteria *if* he contracts COVID-19. Yet, again, Canada provides no medical evidence to support his alleged serious medical conditions or the impact that COVID-19 would have upon him individually. His generalized concern about possible exposure is at this point too speculative to qualify as extraordinary and compelling. As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The Court is obliged to note that FCI Coleman Low only has one active case of COVID-19 in its inmate population. See www.bop.gov/coronavirus (last visited on May 11, 2020). In short, without sufficient and concrete evidence to demonstrate that Canada's individual circumstances justify compassionate release because of the COVID-19 pandemic, the Court would deny Canada's motion on the merits as well.

Upon the foregoing, Defendant David Canada's motion for compassionate release (doc. 79) is **DENIED**.

4

**ORDER ENTERED** at Augusta, Georgia, this _12th_ day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA