IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *  CR 119-014 |
| DAVID CANADA | * |

# O R D E R

Defendant David Canada has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides a narrow path for a defendant in extraordinary and compelling circumstances to leave prison early. Under this provision, the Court may only reduce a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines is the applicable Policy Statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this Policy Statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3)

family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).[1]

In this case, Defendant invokes not only his own medical condition but that of his spouse as grounds for relief. He has filed several exhibits (including letters from family members) and medical records for him and his wife, a supporting declaration, and supplemental information pertaining to his wife's medical condition. He has also filed a motion for a hearing. The Government opposes compassionate release.

With respect to his request for a hearing, the Court notes that it is not required to conduct one. Cf. United States v. Denson, 963 F.3d 1080, 1087 (11th Cir. 2020) (holding that a hearing is not required on an analogous motion under § 3582(c)(1)(B)). Moreover, Defendant has fully and adequately presented his and his wife's information in his filings, and he has not provided any

---

[1] The Eleventh Circuit Court of Appeals recently held that district courts are bound by the definition of "extraordinary and compelling" set forth in the Policy Statement of U.S.S.G. § 1B1.13 and its application note. United States v. Bryant, 2021 WL 1827158 (11th Cir. May 7, 2021). Thus, the Court does not have discretion to consider other factors or definitions. To be clear, however, even if the Court had the discretion not to follow the Policy Statement, its denial of relief based upon weighing the sentencing factors of 18 U.S.C. § 3553(a), infra, would remain the same.

2

special circumstances that would warrant a hearing. Accordingly, Defendant's motion for a hearing (doc. 97) is **DENIED**.

There is no dispute that Defendant has serious medical issues. Most significantly, and in consideration of his health during a COVID-19 pandemic, is his type 2 diabetes and obesity, which are medical conditions that "can make [a person] more likely to get severely ill from COVID-19." See Centers for Disease Control & Prevention, *Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on May 19, 2021). There is also no dispute that Defendant's wife suffers from severe health problems. In Defendant's estimation, his wife's medical condition is deteriorating rapidly because she does not have health insurance. He seeks release in order to gain employment to get health insurance coverage for his wife. Whether Defendant's wife is "incapacitated" and whether Defendant is the only possible caregiver are questions that need not be resolved, however. That is because even if Defendant and his wife, whether considered alone or together, present extraordinary and compelling circumstances warranting release, the Court may grant early release only "after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Consideration of the relevant factors do not weigh in his favor. Defendant was attributed with 153 images of child pornography. The Court will not repeat the abhorrent details of some of those images involving

3

prepubescent girls. Suffice to say that Defendant has two years of his five-year sentence remaining, and given the nature and circumstances of his offense, anything short of serving the full sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. Consequently, the Court will not exercise its discretion to release Defendant under the compassionate release provision.

Upon the foregoing, Defendant David Canada's motion for compassionate release (doc. 83) is **DENIED**. The Clerk is directed to **TERMINATE AS MOOT** his motion to file a reply brief to his motion for a hearing (doc. 101) and his "Request to Adjudge Pending Motions" (doc. 103).

**ORDER ENTERED** at Augusta, Georgia, this 25th day of May, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA